UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JESSIE JAMES WILLIAMS** | * | **CIVIL ACTION NO.  12-3015** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN, LOUISIANA STATE PENITENTIARY** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro Se* Petitioner Jessie James Williams filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on December 3, 2012 [doc. # 1].  Respondent responded to the petition on May 13, 2013.  [doc. # 12].  Petitioner, an inmate in the custody of Louisiana's Department of Public Safety and Corrections incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, attacks his conviction and sentence for attempted second degree murder. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

## BACKGROUND

The underlying facts in this case have been set forth by the Louisiana Second Circuit Court of Appeal:

> On August 2, 2008, police were called to the scene of a stabbing at an abandoned house in the 2800 block of Hardy in Shreveport. Upon arrival they found the victim, Carolyn Taylor, sitting on the front porch with an injured leg and with gashes in her throat bleeding profusely. The victim was able to identify her assailant, the defendant, Jessie James Williams.
>
> At trial, Ms. Taylor testified that she had known the defendant about a month and a half, and during that time, their interactions consisted mostly of smoking crack

1

> cocaine and having sex. She said that the defendant wanted a romantic relationship with her, but she told him when they first met that she was not interested in having a relationship, especially since she was a prostitute. Ms. Taylor stated that she tried to avoid the defendant.
>
> On the evening of the attack, Ms. Taylor was attending a barbeque. She called Williams and asked him to bring her something to eat because she was hungry, and the barbeque was not ready. The defendant brought her a ham sandwich and remained at the gathering. Soon another man named Rico, who was a friend of Ms. Taylor's nephew, arrived at the gathering. He spoke with Ms. Taylor for a few minutes. Then, she and Rico went to an abandoned house down the street to engage in sexual intercourse.
>
> According to Ms. Taylor, this entire encounter took place within approximately 15 minutes. Afterwards, she asked Rico to exit the house first so the neighbors would not see them together. Immediately after Rico left the house, Ms. Taylor saw the defendant charging at her. The victim recalled feeling pain and falling to the floor. She testified that she kicked the defendant and stuck him with a piece of glass before he grabbed her purse and jumped out of the window. The victim's injuries were so substantial she was unable to stand and had to slide herself across the floor and out the door in order to scream for help. The police arrived at the scene soon after, and the victim was taken to receive medical treatment.
>
> The defendant was later found at a friend's house where he voluntarily surrendered. Upon examination, he was found to have lacerations on his hand and thigh.

*State v. Williams*, 32 So. 3d 902, 904 (La.App. 2 Cir. 2010).

On March 11, 2009, a jury found Petitioner guilty as charged of attempted second degree murder. (R. 2, 81-82). Petitioner was subsequently adjudicated a Second Felony Habitual Offender and was sentenced to 100 years at hard labor. (R. 3, 246-47). Petitioner appealed to the Second Circuit Court of Appeal on August 31, 2009, raising as the sole assignment of error that the offense was a crime of passion and that the evidence did not support a conviction of attempted second degree murder. (R. 256, 261). On appeal, the state appellate court affirmed the trial court's decision finding that "the jury could have reasonably found that the defendant failed to prove by a preponderance of the evidence the mitigatory factors of 'sudden passion or heat of

2

blood' . . ." (R. 299); *see also Williams*, 32 So. 3d at 909.  On February 19, 2010, Petitioner sought writs to the Louisiana Supreme Court, which was denied on September 24, 2010.  (R. 325).

On February 3, 2011, Petitioner filed an application for Post Conviction Relief ("PCR") raising three claims for relief: (1) violation of his Sixth and Fourteenth Amendment right to appellate review and his constitutional right to a trial transcript; (2) a *Batson* violation; and, (3) ineffective assistance of counsel.  (R. 357, 364, 366).  Additionally, Petitioner filed a Motion for Production of Genuine Documents of Trial Transcripts and Records and requested an evidentiary hearing.  (R. 343).  The state trial court granted, in part, Petitioner's request for the record, but denied Petitioner's request for all other documents, citing the "particularized need" requirement.  (R. 385).  Furthermore, the court denied Petitioner's PCR application and his request for an evidentiary hearing.  (R. 387).  Petitioner's application for writs was denied by the Second Circuit on December 1, 2011.  (R. 456).  His writ application to the Louisiana Supreme Court was denied on August 22, 2012.  (R. 573); *see also State ex rel. Jessie James Williams v. State*, 97 So. 3d 350 (La. 2012).

Petitioner filed the instant petition on December 3, 2012, asserting three claims for relief: (1) insufficient evidence to convict Petitioner of attempted second degree murder; (2) the state trial court's denial of Petitioner's request for documents was in error; and (3)[1] ineffective assistance of counsel.  [doc. # 1-2, P. 16].

The matter is now before the undersigned.

## LAW AND ANALYSIS

**I.     Standard of Review – 28 U.S.C. § 2254**

---

[1] Labeled in Petitioner's brief as "Argument No. 2(B)."  *See* [doc. # 1-2, P. 31].

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs *habeas corpus* relief. The AEDPA limits how a federal court may consider *habeas* claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, –– U.S. ––, 131 S. Ct. 1388, 1398 (2011). An inmate must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Dowthitt*, 230 F.3d at 740. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e).

**II.     Petitioner's Claims**

     1.     <u>Claim One: Sufficiency of the Evidence</u>

In claim one, Petitioner argues that his offense was actually attempted manslaughter committed in sudden passion or heat of blood caused by the victim's sexual meeting with another man. [doc. # 1-2, P. 18]. Therefore, Petitioner contends that the jury verdict of attempted second degree murder cannot stand, and the lesser offense of attempted manslaughter should be substituted. *Id.* at 19.

When a *habeas* petitioner asserts that the evidence presented to the court was insufficient to support his conviction, the limited question before a federal *habeas* court is whether the state appellate court's decision to reject that claim was an objectively unreasonable application of the clearly established federal law set out in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Williams v. Puckett*, 283 F.3d 272, 278-79 (5th Cir. 2002). A conviction is based on sufficient evidence if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. The *Jackson* inquiry "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Thus, a conviction may rest on sufficient evidence "even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

The Louisiana appellate court properly invoked and applied the *Jackson* standard. *See Williams*, 32 So.3d at 902. The court referenced the definitions relevant to the crimes of second degree murder and manslaughter under Louisiana law. *See id*. La. R.S. 14:30.1A defines second

degree murder as "the killing of a human being: (1) When the offender has a specific intent to kill or to inflict great bodily harm." *Id.* (citing La. R.S. 14:30.1A). Whereas manslaughter is defined, in relevant part, as a "homicide which would be first or second degree murder, but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection." *Id.* (citing La. R.S. 14:31(A)(1)). Finally, the court defined "attempt" under Louisiana law as:

> A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
>
> B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.

*Id.* (citing La. R.S. 14:27).

Ultimately, the Louisiana appeals court, applying the *Jackson* standard, found that "an average person faced with the same circumstances as those presented to the defendant would [not] be overcome by such sudden passion and heat of blood so as to lose all self-control and attack with the intent to kill the victim." *Williams*, 32 So. 3d at 908. Additionally, the court found that the evidence was sufficient to convict the defendant of attempted second degree murder. According to the appellate court, "[t]he wound inflicted to Ms. Taylor's neck was severe, life-threatening, and exhibited an intent to kill. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the defendant had the specific intent to kill the victim when he slashed her throat with a shard of glass." *Id.* A review of the state court record shows that the state court's findings were

entirely reasonable; *a fortiori*, the undersigned cannot say that the state court's application of *Jackson* was objectively unreasonable; therefore, Petitioner's claims for relief based on insufficiency of the evidence should be **DENIED.**

      2.      <u>Claim Two: Denial of Petitioner's Document Request</u>

In Petitioner's second claim, he argues that the state court's denial of his request for his "trial transcripts and voir dire transcripts" was in error. [doc. # 1-2, P. 23]. On collateral PCR review, the state trial court, relying on *State ex el. Bernard v. Criminal District Court Section "J"*, 653 So.2d 1174 (La. 1995), found that "Petitioner has not provided any specific claims upon which particularized need could be based" and he "simply makes a request for copies of the documents." (R. 386). Ultimately, the court denied Petitioner's claiming, concluding that "the issue of receiving a trial record does not fall under one of the grounds for post-conviction relief." *Id.*

As Respondent contends, "while Petitioner cites to the Sixth and Fourteenth Amendments to the U.S. Constitution and a litany of U.S. Supreme [C]ourt and federal cases, this is not a question for which . . . *habeas* relief may be granted." [doc. # 12-1, P. 23] (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). Moreover, a *habeas* petitioner has "no constitutional right to state post-conviction review. As such, alleged infirmities in the review process do not raise a constitutional issue cognizable in a federal *habeas* application." *Lay v. Tanner*, No. 10-4162, 2011 U.S. Dist. LEXIS 102962, at *37 (E.D. La. June 21, 2011).

Accordingly, Petitioner's claim on this basis should be **DENIED**.

      3.      <u>Claim Three: Ineffective Assistance of Counsel</u>

In Petitioner's third and final claim, he alleges ineffective assistance of counsel, arguing that "trial counsel failed to conduct pre-trial investigation, subpoena witnesses and obtain certain evidence/documents." [doc. # 1-2, P. 31].

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2254. *See Clark v. Thaler*, 673 F.3d 410 (5th Cir. 2012); *Amos v. Thronton*, 646 F.3d 199 (5th Cir. 2011); *Pape v. Thaler*, 645 F.3d 281 (5th Cir. 2011). Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the defendant of his constitutional right to a fair trial or deprives the petitioner of some other constitutional right. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show both (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that the ineffectiveness of counsel prejudiced him. *Id.*

If the petitioner does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test also need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first prong of *Strickland*, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-90. The petitioner must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the petitioner must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of

counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *see also Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

On collateral review, the state court denied Petitioner's ineffective assistance of counsel claim, finding that "Petitioner merely alleges several grounds for ineffective assistance of counsel. He fails to substantiate these claims and does not demonstrate a different outcome. Therefore, Petitioner has not met the *Strickland* burden." (R. 387).

In light of the incomplete and conclusory nature of Petitioner's arguments, the undersigned cannot find that the state courts' determinations were an unreasonable application of clearly established federal law. Claims of uncalled witnesses are not favored in federal *habeas corpus* review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of the content of a prospective witness' testimony are largely speculative. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (citing *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)). "[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a *habeas* court cannot even begin to apply *Strickland*'s standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance." *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Petitioner failed to meet this standard in his application for PCR and the state court judge correctly dismissed his initial collateral attack for that reason. Petitioner likewise fails to meet this standard in his current federal *habeas* petition, and accordingly, his claim for relief on the

basis of ineffective assistance of counsel should be **DENIED**. [2]

## CONCLUSION AND RECOMMENDATION

For the reasons stated above,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed by Petitioner Jessie James Williams [doc. # 1] be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

---

[2] The undersigned notes that Petitioner appends an ineffective assistance of appellate counsel claim relating to an alleged *Batson* violation and for "failing to assign and argue ineffective assistance of counsel regarding trial counsel." *See* [doc. # 1-2, P. 37]. A *habeas* petitioner has the burden of proving facts in support of his claim and unsupported conclusory allegations do not warrant *habeas* relief. *Uresti v. Lynaugh*, 821 F.2d 1099, 1103 (5th Cir. 1987); *Wilson v. Butler*, 813 F.2d 664, 671 (5th Cir. 1987); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980). Petitioner merely raises these two arguments in conclusory fashion and has provided no legal or factual support for his claims, and therefore, they should be **DENIED**, as frivolous.

order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd  day of July, 2013.

/s/ Karen L. Hayes<br>
KAREN L. HAYES<br>
U. S. MAGISTRATE JUDGE